## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| In Re: | Chapter 13 |
| Jesse L. Hinton, | Case No.: 15-13132 |
| Debtor. | Honorable Judge Jacqueline P. Cox |

## NOTICE OF MOTION

On August 14, 2017 at 9:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Jacqueline P. Cox, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 680 of the Everett McKinley Dirksen Federal Building at 219 South Dearborn Street, Chicago, Illinois, and present the attached pleading requesting: *Motion for Relief From the Automatic Stay*, a copy of which is attached hereto.

Phillip N. Coover, Esquire
Schenk Annes Tepper Campbell, Ltd.
311 S. Wacker Drive, Suite 2500
Chicago, Illinois 60606-6674
Telephone:  (312) 554-3100
Attorney Number:  6292602
*pcoover@satcltd.com*

## CERTIFICATE OF SERVICE

I, Phillip N. Coover, an attorney, certify that, on August 1, 2017, I caused a copy of the foregoing *Notice of Motion* and *Motion for Relief from the Automatic Stay* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants in the cases, and by U.S. Mail on all other persons listed below.

| | |
|---|---|
| Daniel M. Moulton | Tom Vaughn |
| Law Offices of Daniel Moulton | *Trustee* |
| 10249 S. Western Ave. | 55 E. Monroe Street, Suite 3850 |
| Chicago, IL 60643 | Chicago, IL 60603 |

/s/ Phillip N. Coover

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| In Re:<br><br>Jesse L. Hinton,<br><br><div align="right">Debtor.</div> | Chapter 13<br><br>Case No.: 15-13132<br><br>Honorable Judge Jacqueline P. Cox |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

NOW COMES Steven S. Spinell, not personally or individually, but as Chancery Court Appointed Receiver ("Receiver"), by and through his counsel, Schenk Annes Tepper Campbell Ltd., and pursuant to 11 U.S.C. §§ 361, 362, 363 and Bankruptcy Rule 4001, requests an order conditioning, modifying, or dissolving the automatic stay imposed by 11 U.S.C. § 362 of the Bankruptcy Code, in order to allow the Chancery Courts to formally release and discharge the Receiver from responsibility or obligation with respect to the Properties described below,  states as follows:

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

**Statement of Facts and Procedural Background**

2.     Steven S. Spinell (the "Receiver") is the Chancery Court Appointed Receiver for the following non-residential real properties:

a.     7451 S. Ellis Avenue, Chicago, Illinois 60619 (the "Ellis Property") in connection with a state court foreclosure case pending in the Circuit Court of Cook County, Case No.: 2014 CH 13294. A true and correct copy of the February 6, 2015 Order Appointing Receiver is attached hereto as Exhibit "A" and incorporated herein by reference;

b.      11442-11444 S. Champlain Avenue, Chicago, Illinois 60628 in connection

with a state court foreclosure case pending in the Circuit Court of Cook County, Case No.:

2014 CH 14767. A true and correct copy of the April 1, 2015 Order Appointing Receiver is

attached hereto as Exhibit "B" and incorporated herein by reference; and

c.      11430 S. Champlain, Chicago, Illinois 60628 in connection with a state court

foreclosure case pending in the Circuit Court of Cook County, Case No.: 2014 CH 14768. A

true and correct copy of the April 2, 2015 Order Appointing Receiver is attached hereto as

Exhibit "C" and incorporated herein by reference.

The properties identified hereinabove shall collectively be referred to as the "Properties."

3.      On April 10, 2015, Jesse L. Hinton (the "Debtor") filed a Chapter 13 Bankruptcy

Petition in the United States Bankruptcy Court, Northern District of Illinois in the instant matter.

4.      Upon the Debtor's filing for bankruptcy, pursuant to 11 U.S.C. § 543(b), the

Receiver, as custodian, turned over possession of the Properties to the Debtor. The Receiver has not

possessed or managed the Properties since that time.

5.      On December 14, 2015, the City of Chicago filed an administrative complaint against

the Ellis Property for numerous building code violations naming both the Receiver and the Debtor. A

true and correct copy of the administrative complaint is attached hereto as Exhibit "D" and

incorporated herein by reference.

6.      On March 3, 2016, counsel for the Receiver and the Debtor appeared in

administrative court for a hearing on the building code violations. At that hearing, the Debtor

declined to remedy any of the violations enumerated in the administrative complaint. Counsel for the

Receiver advised the City of Chicago that the Debtor filed for bankruptcy protection, and that the

Receiver, in compliance with the Bankruptcy Code, did not possess or manage the Ellis Property.

Although the City of Chicago non-suited the administrative complaint, the Receiver remained

{SATC 00321227 2}
3

affiliated with the Ellis Property since the Receiver has not received a formal discharge in the state court proceeding.

7.      On March 14, 2016, the Receiver filed a Motion to Discharge Receiver in Case No.: 2014 CH 13294 since the Debtor filed for bankruptcy protection, possession of the Properties was returned to the Debtor pursuant to the Bankruptcy Code, and the Receiver's services were no longer required. A true and correct copy of the Motion to Discharge Receiver is attached hereto as Exhibit "E" and incorporated herein by reference.

8.      On March 30, 2016, the court in Case No.: 2014 CH 13294 struck the Receiver's Motion to Discharge Receiver due to the bankruptcy stay. Further, the order prohibited the Receiver from taking any further action until the bankruptcy stay lifts, terminates, or expires. A true and correct copy of the March 30, 2016 order is attached hereto as Exhibit "F" and incorporated herein by reference.

9.      In addition, the Receiver was named on the Properties' accounts with the City of Chicago Water Department for water billing purposes. Although the Receiver returned possession of the Properties over to the Debtor pursuant to 11 U.S.C. § 543(b), the City of Chicago water department refuses to remove the Receiver from the accounts despite the Receiver's numerous requests and the fact that he neither possesses nor manages the Properties.

10.     Now, the Debtor is not paying the waters bills for the Properties, and the City of Chicago has retained counsel to pursue the Receiver for Debtor's unpaid water bills.

## Motion

11.     The Receiver requests that this Court grant him relief from the Automatic Stay so he can proceed in state court to discharge receivership for the Properties.

12.     Since the Debtor's filing for bankruptcy protection and the Receiver's return of the Properties to the Debtor pursuant to 11 U.S.C. § 543(b), the Receiver has not possessed, controlled, or managed the Properties.

13.     The Receiver's affiliation to the Properties has been effectively terminated from the time possession of the Properties was returned to the Debtor.

14.     Although the Receiver's duties and affiliation to the Properties have ceased in practice, there has been no court order officially discharging the Receiver from the Properties.

15.     The Receiver cannot be officially discharged from the Properties without a court order and get the City of Chicago's Water Department to change the account holder's information for the water bill, which cannot be entered without first obtaining relief from the automatic stay in these proceedings.

16.     Therefore, this Honorable Court should grant the Receiver relief from the automatic stay to allow the Receiver to discharge the receivership in state court effective *nunc pro tunc* to the date the Receiver turned over possession of the Properties effective April 10, 2015, and to terminate any and all of the Receiver's outstanding affiliations to the Properties.

WHEREFORE, Steven S. Spinell, not personally or individually, but as Chancery Court Appointed Receiver, prays for an Order:

A. Granting relief from the automatic stay pursuant to § 362 of the Bankruptcy Code to allow for the discharge of the receiver for the real properties located at 7451 S. Ellis Avenue, Chicago, Illinois 60619 Case No.: 2014 CH 13294, 11442-11444 S. Champlain Avenue, Chicago, Illinois 60628 Case No.: 2014 CH 14767, and 11430 S. Champlain, Chicago, Illinois 60628 Case No.: 2014 CH 14768, all to be effective *nunc pro tunc* to the date the Receiver turned over possession of the Properties on or about April 10, 2015;

B.  Confirming that possession of the real properties located  at 7451 S. Ellis Avenue, Chicago, Illinois 60619, 11442-11444 S. Champlain Avenue, Chicago, Illinois 60628, and 11430 S. Champlain, Chicago, Illinois 60628 have been turned over to the Debtor pursuant to 11 U.S.C. § 543(b) on or about April 10, 2015;

C.  Requiring the City of Chicago to remove Steven S. Spinell, Kinzie Real Estate Group, Kinzie Real Estate Services, and any "Kinzie" entity from any and all affiliated accounts including, but not limited to, the Water Department, for the properties located at 7451 S. Ellis Avenue, Chicago, Illinois 60619, 11442-11444 S. Champlain Avenue, Chicago, Illinois 60628, and 11430 S. Champlain, Chicago, Illinois 60628; and

D.  For such other and further relief as the Court deems just.

Respectfully submitted,

Steven S. Spinell as the Receiver of the Property

By: ___/s/ Phillip N. Coover_____
Phillip N. Coover, one of his attorneys

Phillip N. Coover, Esquire
Schenk Annes Tepper Campbell, Ltd.
311 S. Wacker Drive, Suite 2500
Chicago, Illinois 60606-6674
Telephone:  (312) 554-3100
Attorney Number:  6292602
*pcoover@satcltd.com*

# EXHIBIT "A"

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| URBAN PARTNERSHIP BANK, as assignee of the Federal Deposit Insurance Corporation, as receiver of ShoreBank, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 14 CH 13294 |
| v. | ) ) | Property Address: 7541 S. Ellis Avenue |
| JESSE HINTON; CITY OF CHICAGO; AND UNKNOWN OWNERS and NON-RECORD CLAIMANTS, | ) ) ) ) | Chicago, Illinois 60619 |
| Defendants. | ) ) | |

## ORDER APPOINTING RECEIVER FOR
## NON-RESIDENTIAL PROPERTY

THIS CAUSE was heard on Plaintiff's Motion for Appointment of a Receiver pursuant to the Illinois Mortgage Foreclosure Act, 735 ILCS 5/15-1101 *et seq.*, seeking an order appointing a receiver for the non-residential property located at 7541 S. Ellis Avenue, Chicago, Illinois 60619. That property is the subject of Plaintiff's complaint in mortgage foreclosure. The Court has jurisdiction over the parties and subject matter and is fully advised in the premises. As used herein "defendant" and "mortgagor" shall also mean "defendants" and "mortgagors" as the context requires.

**THE COURT FINDS:**

1.    The plaintiff filed a complaint seeking to foreclose a mortgage which alleges that the defendant-mortgagor defaulted on his obligations. A copy of the mortgage is attached to the complaint, is dated August 3, 2007, was executed by defendant-mortgagor, and was recorded as document number 0722241009 with the Cook County Recorder of Deeds against the subject property identified above. The mortgage secures a promissory note, a copy of which is attached

112197991.1

to the complaint, signed by defendant/mortgagor, dated August 3, 2007, and in the original principal amount of $240,000.00.

2.    The property consists of residential investment property, which is designed to be used as a rental residence, and is owned by the defendant-mortgagor for commercial/investment purposes and is not for use as defendant/mortgagor's personal residence.

3.    The complaint alleges that an "Event of Default," as defined in the mortgage and note, has occurred due to the defendant-mortgagor's failure to make required monthly payments when due. This Event of Default gives plaintiff the right to accelerate all amounts due under the mortgage and note and to demand the same be immediately payable.

4.    The mortgage provides on pages seven to eight (7-8) that upon the occurrence of an Event of Default, the mortgagee shall have the right to make application for appointment of a receiver for the property.

5.    The property does not fall within the definition of "Residential Real Estate" under the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1219).

6.    The court finds that due notice of the motion has been given pursuant to 735 ILCS 5/15-1706(d).

Based on the allegations of the complaint, the terms and provisions of the mortgage and note, and the motion to appoint a receiver, there is a reasonable probability that plaintiff will prevail on a final hearing in this matter. The defendant has not shown good cause why the receiver should not be appointed.

**IT IS HEREBY ORDERED:**

1.    The receiver, Steven S. Spinell of Kinzie Real Estate Group at 212 W. Kinzie St., 4th Floor, Chicago, IL, not personally but solely as court appointed receiver, based on the

2

information provided to the court, is deemed to be qualified to act as receiver and to manage the property as would a reasonably prudent person.

2.    Plaintiff's motion for an order appointing a receiver for the subject property is granted and the above-named receiver is hereby appointed. This order will not become effective until the court has approved the receiver's bond as set forth below.

3.    The receiver is empowered with all the duties, responsibilities and powers enumerated in the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1101 *et seq.*).

4.    The receiver is authorized to collect all rents relating to the property, and the tenants of the property are directed to pay rent to the receiver from the effective date of this order, until further notice. The receiver shall allocate all receipts from the operation of the real estate and other property subject to the mortgage in accordance with 735 ILCS 5/15-1704(d). Within 21 days, the receiver shall provide notice to any and all occupants of the property as required by 735 ILCS 5/15-1704(f).

5.    Within five business days after the receiver's bond is approved, the defendant-mortgagor shall turn over to the receiver, documents in format which relate in **any way** to the following:

    a.    Income collected for the property after the effective date of this order;

    b.    Contracts, documents, and agreements relating to accounts receivable and payable, operation, management, sale, leasing and/or control of the property;

    c.    All documents such as insurance policies, real estate taxes, notices and/or bills which concern the property in any way;

    d.    Documents relating to the property's condition, operation and

<div align="center">3</div>

maintenance or relating to any persons employed to maintain, secure or repair the property;

e.    A list by case name and number of all current litigation or regulatory proceedings which involve the property including, but not limited to: (1) abatement of taxes or reduction of assessments, (2) mechanics lien claims, (3) building code violations or zoning enforcement action; and (4) any other litigation or legal or related proceedings;

f.    All keys needed to operate, repair and/or maintain the property; and

g.    A list of all tenants and their payment history for the last two years.

6.    Defendant-mortgagor shall promptly and fully cooperate with receiver in connection with the receiver's performance of his duties and are prohibited from interfering with the powers or duties of receiver. Defendants are further prohibited from directing anyone to interfere, in any way, with the receiver in the execution of this order.

7.    The receiver shall file periodic written reports with the court. Each report shall be prepared with a case caption, personally signed by the receiver, and filed with the clerk of the court. The receiver or the plaintiff's attorney must mail copies of the report to all parties in the case (including those who have not formally appeared) at least five court days before the hearing on the report. The mailing shall include a notice of motion indicating the time, date and courtroom number applicable to the approval of the report, and a proof of service. Reports will be presented on a schedule established by the court for each particular case.

8.    Each report shall include, at a minimum: a description of the property (number of units, type of use, size and condition), contact information for the receiver, a list of tenants with the amount of their rent, a summary of any litigation involving the property of which the receiver

<div align="center">4</div>

is aware, a report on any failure of the mortgagor or any tenant to cooperate with the requirements of the receiver order, verification that the property is adequately insured, a detailed billing statement for the receiver's fees, a draft order approving the report and setting the case for the next receiver's report, a photograph of the outside of the property (first report only), an income/expense statement, current balance on hand, background information on any matter for which the receiver is requesting special court approval, and a check register showing income received and expenses incurred since the previous report.

9.    The receiver may not employ attorneys except with explicit court approval.

9a.    Pursuant to 735 ILCS 5/15-1704(c), the receiver is authorized to retain Kinzie Real Estate Group to assist the receiver with respect to management of the subject premises. The plaintiff has represented to the court that the anticipated management fees will be: a monthly fee of $500.00, and $45-$60 per hour for any maintenance or repair services. The duties and responsibilities of the management company will be: assist in preparing all reports to be filed with the court, provide maintenance and repair services, and such other services generally provided by a property management company. In any report presented to the court, the receiver must distinguish his fees, activities, and responsibilities from the management company's fees.

10.    The receiver or a knowledgeable representative thereof must appear in court when his report is presented.

11.    The receiver's fees shall be inclusive of the $500.00 monthly rate identified in Paragraph 9(a), plus an hourly billing rate of $250.00 per hour for each court appearance. The court will review all fee requests for reasonableness. The court reserves the right to reduce any fees which it deems to be excessive, including fees charged under the above-listed fee schedule. Receiver's certificates shall constitute a first and prior lien on the property.

12. With the consent of the plaintiff, the receiver may authorize necessary improvements to the property not to exceed the cost of $ 5,000 . The receiver has the power to procure or maintain appropriate utility services for the property and to procure or maintain appropriate insurance coverage for the property.

13. This order is not effective until the court has approved the receiver's bond in the amount of $ 5,000 , which must be issued by a court-approved surety company and signed by a court-approved attorney-in-fact for the surety company. Plaintiff or the receiver shall deliver the bond along with this order to chambers for approval.

14. Plaintiff shall immediately forward a copy of this order to the defendant-mortgagor or any attorney who has filed an appearance on their behalf and file proof of service thereof with the court.

15. This case is continued to _May 15_ , 2015 at _3_ : _00_ a.m./p.m. in courtroom _2804_ of the Daley Center for status and approval of the first receiver's report. The first report shall be filed on or before _May 8_ , 2015 and shall cover the period beginning when the bond is approved and ending on _Apr. 30_ , 2015. ~~Any objections to the report shall be filed no later than _____, 2015.~~

ENTER:

Judge Michael F. Otto

_____
Judge        FEB 0 6 2015

Circuit Court – 2065

_____
Date

Prepared by:
Konstantinos Armiros
Michael A. Jacobson
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, Illinois 60606
(312) 876-7100
Firm ID: 25188

6

# EXHIBIT "B"

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| URBAN PARTNERSHIP BANK, as assignee of the Federal Deposit Insurance Corporation, as receiver of Shorebank, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 14 CH 14767 |
| v. | ) ) | Property Address: |
| JESSE HINTON; CITY OF CHICAGO; AND UNKNOWN OWNERS and NON-RECORD CLAIMANTS, | ) ) ) ) | 11442-11444 S. Champlain Chicago, Illinois 60628 |
| Defendants. | ) ) | |

## ORDER APPOINTING RECEIVER FOR
## NON-RESIDENTIAL PROPERTY

THIS CAUSE was heard on Plaintiff's Motion for Appointment of a Receiver pursuant to the Illinois Mortgage Foreclosure Act, 735 ILCS 5/15-1101 *et seq.*, seeking an order appointing a receiver for the non-residential property located at 11442-11444 S. Champlain, Chicago, Illinois 60628. That property is the subject of Plaintiff's complaint in mortgage foreclosure. The Court has jurisdiction over the parties and subject matter and is fully advised in the premises. As used herein "defendant" and "mortgagor" shall also mean "defendants" and "mortgagors" as the context requires.

**THE COURT FINDS:**

1.      The plaintiff filed a complaint seeking to foreclose a mortgage which alleges that the defendant-mortgagor defaulted on his obligations. A copy of the mortgage is attached to the complaint, is dated November 30, 2007, was executed by defendant-mortgagor, and was recorded as document number 0800811048 with the Cook County Recorder of Deeds against the subject property identified above. The mortgage secures a promissory note, a copy of which is

attached to the complaint, signed by defendant/mortgagor, dated January 4, 2008, and in the original principal amount of $183,550.00.

2.      The property consists of residential investment property, which is designed to be used as a rental residence, and is owned by the defendant-mortgagor for commercial/investment purposes and is not for use as defendant/mortgagor's personal residence.

3.      The complaint alleges that an "Event of Default," as defined in the mortgage and note, has occurred due to the defendant-mortgagor's failure to make required monthly payments when due.  This Event of Default gives plaintiff the right to accelerate all amounts due under the mortgage and note and to demand the same be immediately payable.

4.      The mortgage provides on page eight (8) that upon the occurrence of an Event of Default, the mortgagee shall have the right to make application for appointment of a receiver for the property.

5.      The property does not fall within the definition of "Residential Real Estate" under the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1219).

6.      The court finds that due notice of the motion has been given pursuant to 735 ILCS 5/15-1706(d).

Based on the allegations of the complaint, the terms and provisions of the mortgage and note, and the motion to appoint a receiver, there is a reasonable probability that plaintiff will prevail on a final hearing in this matter. The defendant has not shown good cause why the receiver should not be appointed.

**IT IS HEREBY ORDERED:**

1.      The receiver, Steven S. Spinell of Kinzie Real Estate Group at 212 W. Kinzie St., 4th Floor, Chicago, IL, not personally but solely as court appointed receiver, based on the

2

information provided to the court, is deemed to be qualified to act as receiver and to manage the property as would a reasonably prudent person.

2.      Plaintiff's motion for an order appointing a receiver for the subject property is granted and the above-named receiver is hereby appointed. This order will not become effective until the court has approved the receiver's bond as set forth below.

3.      The receiver is empowered with all the duties, responsibilities and powers enumerated in the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1101 *et seq.*).

4.      The receiver is authorized to collect all rents relating to the property, and the tenants of the property are directed to pay rent to the receiver from the effective date of this order, until further notice. The receiver shall allocate all receipts from the operation of the real estate and other property subject to the mortgage in accordance with 735 ILCS 5/15-1704(d). Within 21 days, the receiver shall provide notice to any and all occupants of the property as required by 735 ILCS 5/15-1704(f).

5.      Within five business days after the receiver's bond is approved, the defendant-mortgagor shall turn over to the receiver, documents in format which relate in **any way** to the following:

    a.      Income collected for the property after the effective date of this order;

    b.      Contracts, documents, and agreements relating to accounts receivable and payable, operation, management, sale, leasing and/or control of the property;

    c.      All documents such as insurance policies, real estate taxes, notices and/or bills which concern the property in any way;

    d.      Documents relating to the property's condition, operation and

3

maintenance or relating to any persons employed to maintain, secure or repair the property;

e.    A list by case name and number of all current litigation or regulatory proceedings which involve the property including, but not limited to: (1) abatement of taxes or reduction of assessments, (2) mechanics lien claims, (3) building code violations or zoning enforcement action; and (4) any other litigation or legal or related proceedings;

f.    All keys needed to operate, repair and/or maintain the property; and

g.    A list of all tenants and their payment history for the last two years.

6.    Defendant-mortgagor shall promptly and fully cooperate with receiver in connection with the receiver's performance of his duties and are prohibited from interfering with the powers or duties of receiver. Defendants are further prohibited from directing anyone to interfere, in any way, with the receiver in the execution of this order.

7.    The receiver shall file periodic written reports with the court. Each report shall be prepared with a case caption, personally signed by the receiver, and filed with the clerk of the court. The receiver or the plaintiff's attorney must mail copies of the report to all parties in the case (including those who have not formally appeared) at least five court days before the hearing on the report. The mailing shall include a notice of motion indicating the time, date and courtroom number applicable to the approval of the report, and a proof of service. Reports will be presented on a schedule established by the court for each particular case.

8.    Each report shall include, at a minimum: a description of the property (number of units, type of use, size and condition), contact information for the receiver, a list of tenants with the amount of their rent, a summary of any litigation involving the property of which the receiver

4

112197879.1

is aware, a report on any failure of the mortgagor or any tenant to cooperate with the requirements of the receiver order, verification that the property is adequately insured, a detailed billing statement for the receiver's fees, a draft order approving the report and setting the case for the next receiver's report, a photograph of the outside of the property (first report only), an income/expense statement, current balance on hand, background information on any matter for which the receiver is requesting special court approval, and a check register showing income received and expenses incurred since the previous report.

9.    The receiver may not employ attorneys except with explicit court approval.

9a.    Pursuant to 735 ILCS 5/15-1704(c), the receiver is authorized to retain Kinzie Real Estate Group to assist the receiver with respect to management of the subject premises. The plaintiff has represented to the court that the anticipated management fees will be: a monthly fee of $750.00, and $45-$60 per hour for any maintenance or repair services. The duties and responsibilities of the management company will be: assist in preparing all reports to be filed with the court, provide maintenance and repair services, and such other services generally provided by a property management company. In any report presented to the court, the receiver must distinguish his fees, activities, and responsibilities from the management company's fees.

10.    The receiver or a knowledgeable representative thereof must appear in court when his report is presented.

11.    The receiver's fees shall be inclusive of the $750.00 monthly rate identified in Paragraph 9(a) plus an hourly billing rate of $250.00 per hour for each court appearance. The court will review all fee requests for reasonableness. The court reserves the right to reduce any fees which it deems to be excessive, including fees charged under the above-listed fee schedule. Receiver's certificates shall constitute a first and prior lien on the property.

5

12.   With the consent of the plaintiff, the receiver may authorize necessary improvements to the property not to exceed the cost of $ 5,000.00 . The receiver has the power to procure or maintain appropriate utility services for the property and to procure or maintain appropriate insurance coverage for the property.

13.   This order is not effective until the court has approved the receiver's bond in the amount of $ 10,000.00 , which must be issued by a court-approved surety company and signed by a court-approved attorney-in-fact for the surety company.  Plaintiff or the receiver shall deliver the bond along with this order to chambers for approval.

14.   Plaintiff shall immediately forward a copy of this order to the defendant-mortgagor or any attorney who has filed an appearance on their behalf and file proof of service thereof with the court.

15.   This case is continued to June 23 , 2015 at 2:00 a.m./p.m. in courtroom 2810 of the Daley Center for status and approval of the first receiver's report. The first report shall be filed on or before June 12 , 2015 and shall cover the period beginning when the bond is approved and ending on May 31 , 2015. ~~Any objections to the report shall be filed no later than _____, 2015~~

ENTER:

Judge _____

Date _____

ENTERED

JUDGE ROBERT E. SENECHALLE ·1915

APR 0 1 2015

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Prepared by:
Konstantinos Armiros
Michael A. Jacobson
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, Illinois 60606
(312) 876-7100
Firm ID: 25188

6

112197879.1

# EXHIBIT "C"

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| URBAN PARTNERSHIP BANK, as assignee of the Federal Deposit Insurance Corporation, as receiver of ShoreBank, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 14 CH 14768 |
| v. | ) ) ) | Property Address: 11430 S. Champlain Chicago, Illinois 60628 |
| JESSE HINTON; CITY OF CHICAGO; AND UNKNOWN OWNERS and NON-RECORD CLAIMANTS, | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER APPOINTING RECEIVER FOR
NON-RESIDENTIAL PROPERTY**

THIS CAUSE was heard on Plaintiff's Motion for Appointment of a Receiver pursuant to the Illinois Mortgage Foreclosure Act, 735 ILCS 5/15-1101 *et seq.*, seeking an order appointing a receiver for the non-residential property located at 11430 S. Champlain, Chicago, Illinois 60628. That property is the subject of Plaintiff's complaint in mortgage foreclosure. The Court has jurisdiction over the parties and subject matter and is fully advised in the premises. As used herein "defendant" and "mortgagor" shall also mean "defendants" and "mortgagors" as the context requires.

**THE COURT FINDS:**

1.      The plaintiff filed a complaint seeking to foreclose a mortgage which alleges that the defendant-mortgagor defaulted on his obligations. A copy of the mortgage is attached to the complaint, is dated January 4, 2008, was executed by defendant-mortgagor, and was recorded as document number 0802241233 with the Cook County Recorder of Deeds against the subject property identified above. The mortgage secures a promissory note, a copy of which is attached to the complaint, signed by defendant/mortgagor, dated January 4, 2008, and in the original

principal amount of $194,500.00.

2.     The property consists of residential investment property, which is designed to be used as a rental residence, and is owned by the defendant-mortgagor for commercial/investment purposes and is not for use as defendant/mortgagor's personal residence.

3.     The complaint alleges that an "Event of Default," as defined in the mortgage and note, has occurred due to the defendant-mortgagor's failure to make required monthly payments when due. This Event of Default gives plaintiff the right to accelerate all amounts due under the mortgage and note and to demand the same be immediately payable.

4.     The mortgage provides on pages eight to nine (8-9) that upon the occurrence of an Event of Default, the mortgagee shall have the right to make application for appointment of a receiver for the property.

5.     The property does not fall within the definition of "Residential Real Estate" under the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1219).

6.     The court finds that due notice of the motion has been given pursuant to 735 ILCS 5/15-1706(d).

Based on the allegations of the complaint, the terms and provisions of the mortgage and note, and the motion to appoint a receiver, there is a reasonable probability that plaintiff will prevail on a final hearing in this matter. The defendant has not shown good cause why the receiver should not be appointed.

**IT IS HEREBY ORDERED:**

1.     The receiver, Steven S. Spinell of Kinzie Real Estate Group at 212 W. Kinzie St., 4th Floor, Chicago, IL, not personally but solely as court appointed receiver, based on the information provided to the court, is deemed to be qualified to act as receiver and to manage the

property as would a reasonably prudent person.

2.    Plaintiff's motion for an order appointing a receiver for the subject property is granted and the above-named receiver is hereby appointed.  This order will not become effective until the court has approved the receiver's bond as set forth below.

3.    The receiver is empowered with all the duties, responsibilities and powers enumerated in the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1101 *et seq.*).

4.    The receiver is authorized to collect all rents relating to the property, and the tenants of the property are directed to pay rent to the receiver from the effective date of this order, until further notice.  The receiver shall allocate all receipts from the operation of the real estate and other property subject to the mortgage in accordance with 735 ILCS 5/15-1704(d).  Within 21 days, the receiver shall provide notice to any and all occupants of the property as required by 735 ILCS 5/15-1704(f).

5.    Within five business days after the receiver's bond is approved, the defendant-mortgagor shall turn over to the receiver, documents in format which relate in **any way** to the following:

      a.    Income collected for the property after the effective date of this order;

      b.    Contracts, documents, and agreements relating to accounts receivable and payable, operation, management, sale, leasing and/or control of the property;

      c.    All documents such as insurance policies, real estate taxes, notices and/or bills which concern the property in any way;

      d.    Documents relating to the property's condition, operation and maintenance or relating to any persons employed to maintain, secure or

repair the property;

e.    A list by case name and number of all current litigation or regulatory proceedings which involve the property including, but not limited to: (1) abatement of taxes or reduction of assessments, (2) mechanics lien claims, (3) building code violations or zoning enforcement action; and (4) any other litigation or legal or related proceedings;

f.    All keys needed to operate, repair and/or maintain the property; and

g.    A list of all tenants and their payment history for the last two years.

6.    Defendant-mortgagor shall promptly and fully cooperate with receiver in connection with the receiver's performance of his duties and are prohibited from interfering with the powers or duties of receiver. Defendants are further prohibited from directing anyone to interfere, in any way, with the receiver in the execution of this order.

7.    The receiver shall file periodic written reports with the court. Each report shall be prepared with a case caption, personally signed by the receiver, and filed with the clerk of the court. The receiver or the plaintiff's attorney must mail copies of the report to all parties in the case (including those who have not formally appeared) at least five court days before the hearing on the report. The mailing shall include a notice of motion indicating the time, date and courtroom number applicable to the approval of the report, and a proof of service. Reports will be presented on a schedule established by the court for each particular case.

8.    Each report shall include, at a minimum: a description of the property (number of units, type of use, size and condition), contact information for the receiver, a list of tenants with the amount of their rent, a summary of any litigation involving the property of which the receiver is aware, a report on any failure of the mortgagor or any tenant to cooperate with the

4

requirements of the receiver order, verification that the property is adequately insured, a detailed

billing statement for the receiver's fees, a draft order approving the report and setting the case for

the next receiver's report, a photograph of the outside of the property (first report only), an

income/expense statement, current balance on hand, background information on any matter for

which the receiver is requesting special court approval, and a check register showing income

received and expenses incurred since the previous report.

  9. The receiver may not employ attorneys except with explicit court approval.

  9a. Pursuant to 735 ILCS 5/15-1704(c), the receiver is authorized to retain Kinzie

Real Estate Group to assist the receiver with respect to management of the subject premises. The

plaintiff has represented to the court that the anticipated management fees will be: a monthly fee

of $750.00, and $45-$60 per hour for any maintenance or repair services. The duties and

responsibilities of the management company will be: assist in preparing all reports to be filed

with the court, provide maintenance and repair services, and such other services generally

provided by a property management company. In any report presented to the court, the receiver

must distinguish his fees, activities, and responsibilities from the management company's fees.

  10. The receiver or a knowledgeable representative thereof must appear in court when

his report is presented.

  11. The receiver's fees shall be inclusive of the $750.00 monthly rate identified in

Paragraph 9(a) plus an hourly billing rate of $250.00 per hour for each court appearance. The

court will review all fee requests for reasonableness. The court reserves the right to reduce any

fees which it deems to be excessive, including fees charged under the above-listed fee schedule.

Receiver's certificates shall constitute a first and prior lien on the property.

12.    With the consent of the plaintiff, the receiver may authorize necessary improvements to the property not to exceed the cost of $ _5,000.00_ .   The receiver has the power to procure or maintain appropriate utility services for the property and to procure or maintain appropriate insurance coverage for the property.

13.    This order is not effective until the court has approved the receiver's bond in the amount of $ _20,000.00_, which must be issued by a court-approved surety company and signed by a court-approved attorney-in-fact for the surety company.   Plaintiff or the receiver shall deliver the bond along with this order to chambers for approval.

14.    Plaintiff shall immediately forward a copy of this order to the defendant-mortgagor or any attorney who has filed an appearance on their behalf and file proof of service thereof with the court.

15.    This case is continued to _July 22_, 2015 at _2:00_ ~~a.m.~~/p.m. in courtroom _2804_ of the Daley Center for status and approval of the first receiver's report.   The first report shall be filed on or before _July 9_, 2015 and shall cover the period beginning when the bond is approved and ending on _June 30_, 2015.   ~~Any objections to the report shall be filed no later than _____, 2015.~~

ENTER:

Judge Michael F. Otto

_APR 0 2 2015_

Judge
Circuit Court – 2065

Date

Prepared by:
Konstantinos Armiros
Michael A. Jacobson
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, Illinois 60606
(312) 876-7100
Firm ID: 25188

6

# EXHIBIT "D"

**CITY OF CHICAGO**
**DEPARTMENT OF BUILDINGS,**
a municipal corporation

**DEC 1 4 2015**

V.

)    **Address of Violation:**
)    7541 - 7541 S ELLIS AVE CHICAGO IL 60619-
)
)    **Administrative Hearing Docket No.**

| | |
|---|---|
| **Dept of Buildings NOV #** | 515S0462275 |
| **Case Group** | TARGET |

STEVEN S SPINELL                                )

212 W. KINZIE ST 4TH FLR                   )
AS COURT APPOINTED RECEIVER         )
CHICAGO IL 60654                                )

## NOTICE OF VIOLATION AND SUMMONS

YOU ARE HEREBY NOTIFIED THAT THE DEPARTMENT OF BUILDINGS HAS CITED THE ABOVE PROPERTY FOR ALLEGED VIOLATION(S) OF THE CHICAGO MUNICIPAL CODE OBSERVED ON

**11/03/2015**

AS MORE PARTICULARLY DESCRIBED IN THE ATTACHED ADMINISTRATIVE COMPLAINT. THE DEPARTMENT CONSIDERS SUCH ALLEGED VIOLATIONS AS CONTINUING ON EACH SUCCEEDING DAY AFTER THE INSPECTION DATE UNTIL EVIDENCE HAS BEEN BROUGHT TO THE DEPARTMENT SHOWING THAT SUCH VIOLATIONS HAVE BEEN PROPERLY CORRECTED, PURSUANT TO SATISFACTORY PLANS AND PERMITS, WHEN APPLICABLE. THE DEPARTMENT OF ADMINISTRATIVE HEARINGS WILL CONDUCT A HEARING ON THE MATTER AT:

### 400 WEST SUPERIOR, ROOM 115 03/03/2016 10:30 AM

You, your attorney, or an authorized representative must appear at the Hearing at the date and time scheduled above and be prepared to proceed to a hearing. Hearing dates and times cannot be rescheduled by telephone. This hearing is your opportunity to answer and defend against the alleged violations. You are required to have all evidence and/or witnesses with you at the Hearing. If a violation has been corrected, be prepared to present evidence of the correction, such as photos, repair invoices, paid receipts, etc., as well as testimony by you, your contractor, or architect as to the existence, non-existence or correction of the violations.

If a violation is determined to exist, the administrative law officer may issue an order to correct the violations and impose fines, costs and penalties that will attach to the property. The property owner, his or her agent for the purpose of managing, controlling or collecting rents and any other person managing or controlling a building or premises shall be held liable for all fines, costs and penalties. The violations may carry a fine of up to One Thousand Dollars ($1,000.00) per day, per violation, for each day a violation exists. For example, if a building has five violations, and the violations remain uncorrected for ten days, you may be liable for up to Fifty Thousand Dollars ($50,000.00) in fines, plus any costs the city incurs, including, but not limited to, the costs of reinspection.

In some cases, evidence of full correction of the violations as of the date of the Hearing may be presented as a valid defense at the hearing. Evidence of substantial steps towards full compliance (i.e., permit applications, repair work contracts) as of the date of Hearing will not avoid a finding of liability, but may be considered in whether to grant you additional time to complete the work and possibly reduce the amount of fines and/or penalties imposed.

Your failure or your authorized representative's failure to appear at the hearing may result in a finding of liability and imposition of the maximum fines, costs, and penalties authorized under law entered against you in your absence.

Copies of the Rules and Regulations for the conduct of hearings before the Department of Administrative Hearings are available at 400 W. Superior, Chicago, IL during regular business hours. For questions regarding hearing procedures only please call 312/ 742-0433.

Any person with questions regarding the nature and reason of the building code violations, or any person seeking to schedule a follow-up reinspection of their properties (note: a reinspection fee may be charged) must contact the Department of Buildings at the numbers listed within the attached Administrative complaint.

## Proof of Service

Pursuant to sections 2-14-074 and 2-14-152 of the Municipal Code for the City of Chicago, I, Steve Mazur, an employee of the City of Chicago Department of Buildings, do hereby certify as follows:

I served a Notice of Violations and Summons upon each person named below at the address indicated for that person. I served said documents by causing them to be placed in a sealed envelope with proper postage affixed and prepaid, addressed to the address(es) indicated below. The address(es) listed below is(are) each person's last known address. I mailed the documents via first class mail by causing said documents to be deposited in the United States mail at 2045 W. Washington Boulevard in Chicago, IL 60612.

**Address of Violation(s)**

7541 - 7541 S ELLIS AVE CHICAGO IL 60619-

**JESSE HINTON**

10629 S EBERHART AVE

CHICAGO IL 60628

**JESSE HINTON**

11409 S ST LAWRENCE

CHICAGO IL 60628

**JESSE HINTON**

11430 S CHAMPLAIN AVE

CHICAGO IL 60628

**STEVEN S SPINELL**

212 W. KINZIE ST 4TH FLR
AS COURT APPOINTED RECEIVER
CHICAGO IL 60654



By: _____

Steve Mazur

City of Chicago
**Department of Buildings**
Judith Frydland, Commissioner
2045 West Washington Boulevard
Chicago, IL 60612

Hansen Case ID:  462275

Address:

7541 - 7541 S ELLIS AVE CHICAGO IL 60619-

**Dept of Buildings NOV #**    515S0462275
**Case Group**    TARGET

STEVEN S SPINELL

212 W. KINZIE ST 4TH FLR
AS COURT APPOINTED RECEIVER
CHICAGO IL 60654

# Administrative Complaint

### Date of Notice 11/24/2015

YOU ARE HEREBY NOTIFIED THAT THE DEPARTMENT OF BUILDINGS HAS CITED THE ABOVE PROPERTY FOR
ALLEGED VIOLATION(S) OF THE CHICAGO MUNICIPAL CODE. THE ALLEGED VIOLATIONS COULD BE SERIOUS
AND THEREFORE MUST BE IMMEDIATELY CORRECTED.

THE DEPARTMENT CONSIDERS SUCH ALLEGED VIOLATIONS AS CONTINUING ON EACH SUCCEEDING DAY
DAY AFTER THE INSPECTION DATE, UNTIL EVIDENCE HAS BEEN BROUGHT TO THE DEPARTMENT SHOWING THAT
SUCH VIOLATIONS HAVE BEEN PROPERLY CORRECTED, PURSUANT TO SATISFACTORY PLANS AND PERMITS,
WHEN APPLICABLE.

IF YOU HAVE ANY QUESTIONS REGARDING THESE VIOLATIONS, PLEASE FEEL FREE TO CALL THE AREA
SUPERVISOR BETWEEN 9:30 AM AND 11:30 AM, AT THE PHONE NUMBER LISTED BELOW.

**Inspection Number    11692846**

| Date of Inspection | Inspected By | | Supervisor ID | Supervisor Phone | Recommendation | CA | Bureau |
|---|---|---|---|---|---|---|---|
| 11/3/2015 | BL00746 | | BL00947 | (312)743-3513 | AH | 69 | CONSERVATION |

That on the inspection date and on each succeeding day thereafter and on numerous other occasions, the
respondent(s) had an interest in the property as defined by 2-14-151 and failed to comply with the Municipal Code of
the City of Chicago as follows:

1    CN198019

File building registration statement with Building Dept. (13-10-030, 13-10-040)

BUILDING - NOT REGISTERED 2009 THROUGH 2015 YEARS .

Location:    OTHER  :  :                                                                          SEQ #: 001

2    CN196029

Post name, address, and telephone of owner, owner's agent for managing, controlling or collecting rents, and any other
person managing or controlling building conspicuously where accessible or visible to public way. (13-12-030)

BUILDING - NO OWNER'S I.D. SIGN POSTED .

Location:    OTHER  :  :                                                                          SEQ #: 002

3    CN190019

Arrange for inspection of premises. (13-12-100)

INTERIOR OF BUILDING - UNVERIFIED CONDITIONS , OCCUPANCY AND DETECTORS .

Location:    OTHER  :  :                                                                          SEQ #: 003

4    CN138056

Remove accumulation of refuse and debris and keep premises clean. (13-196-580, 13-196-630)

JUNK AND DEBRIS UNDER SIDE AND REAR PORCHES , RAT HARBORAGE .

Location:    OTHER  :  :                                                                          SEQ #: 004

5    CN138106

Remove and stop nuisance. (7-28-060)

ALL YARDS HIGH WEEDS , PAPERS , BOTTLES AND TRASH .

Location:    OTHER  :  :                                                                          SEQ #: 005

6   CN070025

Failed to maintain exterior stairways in safe condition and in sound repair.  (13-196-570, 13-196-641)

TWO FRONT CONCRETE PORCHES , GUARDRAILS AND HANDRAILS , BROKEN OFF , LOOSE , UNDERSIZED , POOR AND SUBSTANDARD PREVIOUS REPAIRS .

Location:   OTHER  :  :                                                                SEQ #: 006

7   CN077014

Failed to maintain fence in good condition and repair.  (7-28-060, 13-196-630, 13-196-641)

FRONT YARD IRON FENCE AND GATES , RUSTED , BENT , LOOSE , FLAKING PAINT , BROKEN , LOOSE AND MISSING PICKETS AND GATE HARDWARE .
REAR YARD CHAINLINK FENCES , RUSTED , BENT AND LOOSE , MISSING SECTIONS .

Location:   OTHER  :  :                                                                SEQ #: 007

8   CN104025

Failed to maintain window sash in good condition and so it fits reasonably tight within its frame.  (13-196-550(b))

FRONT ATTIC AND FRONT BASEMENT WINDOW SASHES , ROTTED , WITH FLAKING PAINT AND PUTTY .

Location:   OTHER  :  :                                                                SEQ #: 008

9   CN104015

Replace broken, missing or defective window panes. (13-196-550 A)

BASEMENT WINDOW SASHES , PLYWOOD BOARDED .

Location:   OTHER  :  :                                                                SEQ #: 009

10   CN076024

Failed to maintain roof gutters and downspouts in good repair and working condition.  (13-196-590, 13-196-630(b), 13-196-641, 18-29-1101, 18-29-1105, 18-29-1106)

NORTH AND SOUTH ELEVATIONS GUTTERS , LOOSE , BENT WITH BROKEN STRAPS .

Location:   OTHER  :  :                                                                SEQ #: 010

11   CN069014

Failed to maintain foundation in sound condition and repair and so it adequately supports the building at all points. (13-196-530, 13-196-530(a), 13-196-641)

ALL ELEVATIONS , EXTERIOR LOWER FOUNDATION FLAKING AND LOOSE MASONRY COATING .

Location:   OTHER  :  :                                                                SEQ #: 011

12   CN131026

Repair or replace defective screen. (13-196-560 B)

ALL ELEVATIONS AND FLOORS , TORN , LOOSE AND MISSING WINDOW SCREENS .

Location:   OTHER  :  :                                                                SEQ #: 012

13   CN067014

Failed to maintain roof in sound condition and repair, watertight and free from defects.  (13-196-530, 13-196-530(c) and 13-196-641)

REAR BASEMENT SHED ENTRY ROOF , ROTTED , DETERIORATED AND SAGGING .

Location:   OTHER  :  :                                                                SEQ #: 013

14   CN073014

Failed to maintain exterior door in sound condition and repair.  (13-196-550(d) and (e), 13-196-641)

ALL ELEVATIONS AND FLOORS , STORM DOORS , BROKEN OFF HINGES , MISSING SCREENS AND STORM GLASS , MISSING CLOSURES AND LATCHING HARDWARE .

Location:   OTHER  :  :                                                                SEQ #: 014

15   CN104075

Failed to maintain windows in relation to the adjacent wall construction as to completely exclude rain and substantially exclude wind from entering the premises.  (13-196-550(f))

WINDOWS COLD AIR SEEPAGE FILLED ON EXTERIOR WITH EXPANSION FOAM .

Location:   OTHER  :  :                                                                SEQ #: 015

16   CN070034

Failed to repair or replace defective or missing members of porch system.  (13-196-570, 13-196-641)

NORTH AND REAR ONE STORY WOOD OPEN PORCHES ALL COMPONENTS WORN AND WEATHERED . NO
STAIR HEADER SUPPORT . ALL GUARDRAILS AND HANDRAILS POOR AND SUBSTANDARD PREVIOUS
REPAIRS . PERMIT REQUIRED FOR REPAIRS .

Location:   OTHER   :   :                                                                                         SEQ #: 016

17   CN070034

Failed to rebuild or replace dilapidated and dangerous porch.  (13-196-570, 13-196-641)

REAR AND NORTH TWO STORY WOOD PORCH AND CATWALK ALL COMPONENTS WORN AND WEATHERED
FINISH . DECKING ROTTED WITH HOLES , NORTH GUARDRAILS BROKEN OFF , HAZARD TO TENANTS AND
OCCUPANTS . PLANS AND PERMITS REQUIRED FOR REPAIRS .  COLUMNS TWISTED , BOWED AND
NOTCHED . FLOOR AND RIM JOIST OVERSPANNED . ALL GUARDRAILS AND HANDRAILS , WEAK , POOR AND
SUBSTANDARD PREVIOUS REPAIRS . NO STAIR HEADER SUPPORT WITH STRINGERS CUT TOO THIN .

Location:   OTHER   :   :                                                                                         SEQ #: 017

**End of Violations**

**\*\*\*  SMOKE DETECTORS ARE REQUIRED BY LAW IN ALL DWELLING UNITS.  THEY ARE A MATTER OF LIFE AND
DEATH.
FAILURE TO INSTALL WILL RESULT IN SERIOUS PENALTIES.  \*\*\***

**When applying for a permit, bring this notice with you to the Department of Buildings ("DOB"), located at City Hall,
9th Floor, 121 North LaSalle Street.  You may be eligible to obtain a permit from one of DOB's satellite offices.  Visit
the Department of Building's website at www.cityofchicago.org/dcap.  Contact DOB for information regarding
obtaining a permit.**

**\*\*\* BRING THIS ADMINISTRATIVE COMPLAINT AND THE NOTICE OF VIOLATION AND SUMMONS WITH YOU WHEN
ATTENDING THE HEARING. \*\*\***

# EXHIBIT "E"

## IN THE CIRCUIT COURT OF THE COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| URBAN PARTNERSHIP BANK, as assignee of | ) | |
| THE FEDERAL DEPOSIT INSURANCE | ) | |
| CORPORATION, as receiver of | ) | |
| ShoreBank, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:      14-CH-13294 |
| v. | ) | |
| | ) | |
| JESSE HINTON; CITY OF CHICAGO; AND | ) | **Property Address:** |
| UNKNOWN OWNERS AND NON-RECORD | ) | 7541 S. Ellis Avenue |
| CLAIMANTS | ) | Chicago, Illinois 60619 |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISCHARGE RECEIVER

NOW COMES Steven S. Spinell, the Court appointed Receiver, by and through his counsel, Schenk Annes Tepper Campbell Ltd., and in support of his Motion to Discharge Receiver, pursuant to the Illinois Mortgage Foreclosure Act including 735 ILCS 5/15-1704(h), states as follows:

1.      On February 6, 2015, this Honorable Court appointed Steven S. Spinell, to take possession of and act as the Receiver for the property commonly known as 7541 S. Ellis Avenue, Chicago, Illinois 60619 ("Property").  A true and correct copy of the Order Appointing Receiver for Non-Residential Property ("Receivership Order") is attached hereto as Exhibit "A" and is incorporated herein by reference.

2.      On April 10, 2015, Jesse L. Hinton filed a Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court, Northern District of Illinois, as Bankruptcy Case No. 15-13132. A true and correct copy of the Notice of the Bankruptcy Petition is attached hereto as Exhibit "B" and is incorporated herein by reference.

{00177341}

3.     Upon filing for bankruptcy, pursuant to 11 U.S.C. § 543(b), Receiver, as custodian, turned over possession of the Property to the owner. The Receiver has not had possession or control of the Property since that time.

4.     Accordingly, the Receiver requests that he be discharged of all obligations with respect to the Property and that the Plaintiff be required to pay any and all outstanding Receiver's fees, costs, and expenses.

WHEREFORE, Steven S. Spinell, as the Court appointed Receiver for the Property, respectfully requests that this Honorable enter an order discharging the Receiver of all obligations with respect to the Property, releasing and terminating the bond, and that the Plaintiff be ordered to pay any and all outstanding Receiver's fees, costs, and expenses, and for such other and further relief as this Court deems necessary and just.

Respectfully submitted,

Steven S. Spinell, as the Receiver of the Property

By: _____

Phillip N. Coover, one of his attorneys

Phillip N. Coover, Esquire
Schenk Annes Tepper Campbell Ltd.
Attorneys for Receiver
311 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
Telephone: (312) 554-3100
Attorney Number: 48979

{00177341}

Exhibit "A"

{00124973}

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |  |
|---|---|---|
| URBAN PARTNERSHIP BANK, as assignee of the Federal Deposit Insurance Corporation, as receiver of ShoreBank, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | Case No.: 14 CH 13294 |
| v. | ) ) | Property Address: 7541 S. Ellis Avenue |
| JESSE HINTON; CITY OF CHICAGO; AND UNKNOWN OWNERS and NON-RECORD CLAIMANTS, | ) ) ) | Chicago, Illinois 60619 |
| | ) ) | |
| Defendants. | ) | |

### ORDER APPOINTING RECEIVER FOR
### NON-RESIDENTIAL PROPERTY

THIS CAUSE was heard on Plaintiff's Motion for Appointment of a Receiver pursuant to the Illinois Mortgage Foreclosure Act, 735 ILCS 5/15-1101 *et seq.*, seeking an order appointing a receiver for the non-residential property located at 7541 S. Ellis Avenue, Chicago, Illinois 60619. That property is the subject of Plaintiff's complaint in mortgage foreclosure. The Court has jurisdiction over the parties and subject matter and is fully advised in the premises. As used herein "defendant" and "mortgagor" shall also mean "defendants" and "mortgagors" as the context requires.

**THE COURT FINDS:**

1.      The plaintiff filed a complaint seeking to foreclose a mortgage which alleges that the defendant-mortgagor defaulted on his obligations. A copy of the mortgage is attached to the complaint, is dated August 3, 2007, was executed by defendant-mortgagor, and was recorded as document number 0722241009 with the Cook County Recorder of Deeds against the subject property identified above. The mortgage secures a promissory note, a copy of which is attached

112197991.1

to the complaint, signed by defendant/mortgagor, dated August 3, 2007, and in the original principal amount of $240,000.00.

2.    The property consists of residential investment property, which is designed to be used as a rental residence, and is owned by the defendant-mortgagor for commercial/investment purposes and is not for use as defendant/mortgagor's personal residence.

3.    The complaint alleges that an "Event of Default," as defined in the mortgage and note, has occurred due to the defendant-mortgagor's failure to make required monthly payments when due. This Event of Default gives plaintiff the right to accelerate all amounts due under the mortgage and note and to demand the same be immediately payable.

4.    The mortgage provides on pages seven to eight (7-8) that upon the occurrence of an Event of Default, the mortgagee shall have the right to make application for appointment of a receiver for the property.

5.    The property does not fall within the definition of "Residential Real Estate" under the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1219).

6.    The court finds that due notice of the motion has been given pursuant to 735 ILCS 5/15-1706(d).

Based on the allegations of the complaint, the terms and provisions of the mortgage and note, and the motion to appoint a receiver, there is a reasonable probability that plaintiff will prevail on a final hearing in this matter. The defendant has not shown good cause why the receiver should not be appointed.

**IT IS HEREBY ORDERED:**

1.    The receiver, Steven S. Spinell of Kinzie Real Estate Group at 212 W. Kinzie St., 4th Floor, Chicago, IL, not personally but solely as court appointed receiver, based on the

2

information provided to the court, is deemed to be qualified to act as receiver and to manage the property as would a reasonably prudent person.

2.     Plaintiff's motion for an order appointing a receiver for the subject property is granted and the above-named receiver is hereby appointed.  This order will not become effective until the court has approved the receiver's bond as set forth below.

3.     The receiver is empowered with all the duties, responsibilities and powers enumerated in the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1101 *et seq.*).

4.     The receiver is authorized to collect all rents relating to the property, and the tenants of the property are directed to pay rent to the receiver from the effective date of this order, until further notice.  The receiver shall allocate all receipts from the operation of the real estate and other property subject to the mortgage in accordance with 735 ILCS 5/15-1704(d).  Within 21 days, the receiver shall provide notice to any and all occupants of the property as required by 735 ILCS 5/15-1704(f).

5.     Within five business days after the receiver's bond is approved, the defendant-mortgagor shall turn over to the receiver, documents in format which relate in any way to the following:

    a.     Income collected for the property after the effective date of this order;

    b.     Contracts, documents, and agreements relating to accounts receivable and payable, operation, management, sale, leasing and/or control of the property;

    c.     All documents such as insurance policies, real estate taxes, notices and/or bills which concern the property in any way;

    d.     Documents relating to the property's condition, operation and

<div align="center">3</div>

maintenance or relating to any persons employed to maintain, secure or repair the property;

    e.    A list by case name and number of all current litigation or regulatory proceedings which involve the property including, but not limited to: (1) abatement of taxes or reduction of assessments, (2) mechanics lien claims, (3) building code violations or zoning enforcement action; and (4) any other litigation or legal or related proceedings;

    f.    All keys needed to operate, repair and/or maintain the property; and

    g.    A list of all tenants and their payment history for the last two years.

6.    Defendant-mortgagor shall promptly and fully cooperate with receiver in connection with the receiver's performance of his duties and are prohibited from interfering with the powers or duties of receiver. Defendants are further prohibited from directing anyone to interfere, in any way, with the receiver in the execution of this order.

7.    The receiver shall file periodic written reports with the court. Each report shall be prepared with a case caption, personally signed by the receiver, and filed with the clerk of the court. The receiver or the plaintiff's attorney must mail copies of the report to all parties in the case (including those who have not formally appeared) at least five court days before the hearing on the report. The mailing shall include a notice of motion indicating the time, date and courtroom number applicable to the approval of the report, and a proof of service. Reports will be presented on a schedule established by the court for each particular case.

8.    Each report shall include, at a minimum: a description of the property (number of units, type of use, size and condition), contact information for the receiver, a list of tenants with the amount of their rent, a summary of any litigation involving the property of which the receiver

4

is aware, a report on any failure of the mortgagor or any tenant to cooperate with the requirements of the receiver order, verification that the property is adequately insured, a detailed billing statement for the receiver's fees, a draft order approving the report and setting the case for the next receiver's report, a photograph of the outside of the property (first report only), an income/expense statement, current balance on hand, background information on any matter for which the receiver is requesting special court approval, and a check register showing income received and expenses incurred since the previous report.

9.    The receiver may not employ attorneys except with explicit court approval.

9a.    Pursuant to 735 ILCS 5/15-1704(c), the receiver is authorized to retain Kinzie Real Estate Group to assist the receiver with respect to management of the subject premises. The plaintiff has represented to the court that the anticipated management fees will be: a monthly fee of $500.00, and $45-$60 per hour for any maintenance or repair services. The duties and responsibilities of the management company will be: assist in preparing all reports to be filed with the court, provide maintenance and repair services, and such other services generally provided by a property management company. In any report presented to the court, the receiver must distinguish his fees, activities, and responsibilities from the management company's fees.

10.    The receiver or a knowledgeable representative thereof must appear in court when his report is presented.

11.    The receiver's fees shall be inclusive of the $500.00 monthly rate identified in Paragraph 9(a), plus an hourly billing rate of $250.00 per hour for each court appearance. The court will review all fee requests for reasonableness. The court reserves the right to reduce any fees which it deems to be excessive, including fees charged under the above-listed fee schedule. Receiver's certificates shall constitute a first and prior lien on the property.

5

112197991.1

12. With the consent of the plaintiff, the receiver may authorize necessary improvements to the property not to exceed the cost of $ 5,000 . The receiver has the power to procure or maintain appropriate utility services for the property and to procure or maintain appropriate insurance coverage for the property.

13. This order is not effective until the court has approved the receiver's bond in the amount of $ 5,000 , which must be issued by a court-approved surety company and signed by a court-approved attorney-in-fact for the surety company. Plaintiff or the receiver shall deliver the bond along with this order to chambers for approval.

14. Plaintiff shall immediately forward a copy of this order to the defendant-mortgagor or any attorney who has filed an appearance on their behalf and file proof of service thereof with the court.

15. This case is continued to May 15 , 2015 at 3 : 00 a.m./p.m. in courtroom 2804 of the Daley Center for status and approval of the first receiver's report. The first report shall be filed on or before May 8 , 2015 and shall cover the period beginning when the bond is approved and ending on Apr 30 , 2015. ~~Any objections to the report shall be filed no later than _____, 2015.~~

ENTER:

_____
Judge Michael F. Otto

Judge    FEB 0 6 2015
Circuit Court — 2065

_____
Date

Prepared by:
Konstantinos Armiros
Michael A. Jacobson
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, Illinois 60606
(312) 876-7100
Firm ID: 25188

6

112197991.1

Exhibit "B"

## LAW OFFICES OF DANIEL M. MOULTON
### 10249 South Western Avenue
### Chicago, Illinois 60643
### (773) 429-1001
### (773) 429-1002 (fax)

### FACSIMILE COVER SHEET

Date/Time: 4/15/15, 11:45 am

To: ARNSTEEL & LEAR

Fax No.: 312-876-0288

From: DAN MOULTON

Re: JOSSP Hinton, URBAN PARTSAP BANK

Page(s):

Attached please find the Notice 1 BK Stay regarding the above captioned matter. If you have any questions, please do not hesitate to contact the office at 773-429-1001.

### PLEASE NOTE

The information in the transmitted documents is confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

LAW OFFICES OF
**DANIEL M. MOULTON**
10249 South Western Avenue
Chicago, Illinois 60643
(773) 429-1001
(773) 429-1002 (fax)

April 15, 2015

Arnstein & Lehr
120 S. Riverside Plaza, #1200
Chicago, IL 60606
Fax No. 312-876-0288

### NOTICE OF AUTOMATIC STAY

**IN RE:  Urban Partnership Bank v. Jesse L. Hinton, 15-13132, Chancery Nos. 14 CH 14765, 14 CH 14768, 14 CH 14767, 14 CH 13294**

To Whom It May Concern:

I am writing to you on behalf of Jesse Hinton, my client. **Mr.** Hinton has sought my assistance in finding some resolution to his severe financial situation. Because of the severity of his situation, I have determined that proceedings in U.S. Bankruptcy Court are necessary, and have filed **Bankruptcy Case No. 15-13132** on his behalf in U.S. Bankruptcy Court for the Northern District of Illinois on April 10, 2015. Attached is a notice of the bankruptcy petition.

Please do not take any steps to collect prior debts owed by Jesse Hinton. To do so would be in violation of the automatic stay set forth at 11 U.S.A. Section 362. This automatic is equivalent to a court injunction and it prohibits (among other things) the foreclosure of his rental properties which secure collection of a debt. Violation of the automatic stay would constitute contempt of the Bankruptcy Court, punishable as such. Thank you very much for your cooperation.

Sincerely,

Daniel M. Moulton

PlnDue, DebtEd, SchDue

# U.S. Bankruptcy Court
## Northern District of Illinois (Chicago)
### Bankruptcy Petition #: 15-13132

|  |  |
|---|---|
| | *Date filed:* 04/13/2015 |
| | *341 meeting:* 05/06/2015 |
| *Assigned to:* Honorable Judge Jacqueline P. Cox | *Deadline for filing claims:* 08/04/2015 |
| Chapter 13 | *Deadline for filing claims (govt.):* 10/13/2015 |
| Voluntary | |
| Asset | |

**Debtor**                                                    represented by **Daniel M Moulton**
**Jesse L. Hinton**                                                        Law Offices of Daniel Moulton
10629 S. Eberhart                                                          10249 S Western Avenue
Chicago, IL 60628                                                          Chicago, IL 60643
COOK-IL                                                                    773 429-1001
SSN / ITIN: xxx-xx-0244                                                    Fax : 773 429-1002
                                                                           Email: rachelrock@sbcglobal.net

**Trustee**
**Tom Vaughn**
55 E. Monroe Street, Suite 3850
Chicago, IL 60603
312 294-5900

**U.S. Trustee**
**Patrick S Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604
312-886-5785

| Filing Date | # | Docket Text |
|---|---|---|
| 04/13/2015 | <u>1</u><br>(8 pgs) | Chapter 13 Voluntary Petition Fee Amount $310, Filed by Daniel M Moulton on behalf of Jesse L. Hinton Government Proof of Claim due by 10/13/2015.Chapter 13 Plan due by 04/27/2015. (Moulton, Daniel) (Entered: 04/13/2015) |
| 04/13/2015 | <u>2</u><br>(1 pg) | Certificate of Credit Counseling Filed by Daniel M Moulton on behalf of Jesse L. Hinton. (Moulton, Daniel) (Entered: 04/13/2015) |

| | | |
|---|---|---|
| 04/13/2015 | <u>3</u> | Statement of Social Security Number(s) Filed by Daniel M Moulton on behalf of Jesse L. Hinton. (Moulton, Daniel) (Entered: 04/13/2015) |
| 04/13/2015 | 4 | Receipt of Voluntary Petition (Chapter 13)(15-13132) [misc,volp13a] ( 310.00) Filing Fee. Receipt number 29000289. Fee Amount $ 310.00 (re:Doc# <u>1</u>) (U.S. Treasury) (Entered: 04/13/2015) |
| 04/13/2015 | 5 | Meeting of Creditors with 341(a) meeting to be held on 05/06/2015 at 12:30 PM at 55 East Monroe Street, Suite 3850, Chicago, Illinois 60603. Confirmation hearing to be held on 07/06/2015 at 10:30 AM at 219 South Dearborn, Courtroom 680, Chicago, Illinois 60604. Proof of Claim due by 08/04/2015. Objection to Dischargeability due by 07/06/2015. (admin, ) (Entered: 04/13/2015) |
| 04/14/2015 | <u>6</u><br>(2 pgs) | Chapter 13 341 Meeting of Creditors . (Miller, Marvin) (Entered: 04/14/2015) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/15/2015 09:04:14 | | |
| **PACER Login:** | dm1396:2766531:0 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 15-13132 Fil or Ent: filed From: 4/15/2014 To: 4/15/2015 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# EXHIBIT "F"

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Urban Partnership Bank

v.

No. 14 CH 13294

7541 S. Ellis Avenue
Chicago, Illinois 60619

Jesse Hinton, et al

### ORDER

This matter coming to be heard on the Receiver's motion to be discharged, the Court being advised:

The motion to discharge the Receiver is struck due to the bankruptcy stay in place in bankruptcy case case 15 B 13132. The Receiver is prohibited ~~to this the~~ by the bankruptcy stay from taking any action with respect to this property until the bankruptcy stay is lifted or terminated or expires.

Atty. No.: 48979

Name: Philip Grover / SATZ

Atty. for: Receiver, Steven S. Spinell

Address: 311 S. Wacker, Ste 2500

City/State/Zip: Chicago, IL 60606

Telephone: 312-554-3100

ENTERED:

Judge Michael F. Otto

Dated: MAR 3 0 2016

Circuit Court - 2065

_____
Judge                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE   Canary: 2. COPY   Pink: 3. COPY